IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SAMUEL A. OSBORNE                                                  PLAINTIFF

vs.                              Civil No. 2:17-cv-02028

NANCY A. BERRYHILL                                                 DEFENDANT
Acting Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Samuel A. Osborne ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his

applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and

a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K.

Holmes, III referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.      **Background:**

Plaintiff protectively filed his disability applications on August 25, 2011.  (Tr. 18).  In these

applications, Plaintiff alleges being disabled due to degenerative disc disease, moderate joint disease,

canal stenosis, OCD, hypertension, anxiety, depression, and disc protrusions.  (Tr. 229).  Plaintiff

alleged an onset date of May 1, 2011.  (Tr. 18).  These applications were denied initially and again

upon reconsideration.  (Tr. 18, 101-109, 114-119).

1

Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (Tr. 125, 55-94). After this administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 18-30). Subsequent to this decision, Plaintiff appealed this unfavorable decision to the Court, and the Court reversed and remanded Plaintiff's case for further administrative review and consideration of Plaintiff's subjective complaints. *See Osborne v. SSA,* 2:15-cv-02053-PKH (W.D. Ark. Dec. 23, 2015).

Thereafter, the ALJ held a second administrative hearing. (Tr. 782-810). Plaintiff's administrative hearing was held on September 15, 2016 in Fort Smith, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Davis Duty. *Id.* Plaintiff and Vocational Expert ("VE") Jim Spraggins testified at this hearing. *Id.*

On October 31, 2016, the ALJ again entered an unfavorable decision denying Plaintiff's applications. (Tr. 714-724). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 719, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 29, 2012 (his alleged onset date). (Tr. 719, Finding 2).

The ALJ found Plaintiff had the following severe impairments: hypertension, non-insulin dependent diabetes mellitus with peripheral neuropathy; degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine at the L3-4, L4-5, and L5-S1 levels; major depression; and anxiety. (Tr. 719, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 720-721, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

2

(Tr. 721-723, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 4040.1567(b) and 416.967(b) except occasional bending, stooping, and squatting; would need a job involving simple tasks, simple instructions, and limited contact with the public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 723, Finding 6).  Specifically, the ALJ determined Plaintiff was unable to perform any of his PRW.  *Id.*  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 723-724).  The VE testified at the administrative hearing regarding this issue.  *Id.*

Specifically, the VE testified Plaintiff retained the capacity to perform occupations such as price marker with 496,000 such jobs in the nation; fast food worker with 2,000,000 such jobs in the nation; and cashier II with 200,000 such jobs in the nation.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability (as defined by the Act) from February 29, 2012 through the date of his decision or through November 3, 2016.  (Tr. 724, Finding 11).  Thereafter, on February 14, 2017, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 12-13.  This case is now ready for decision.

**2.**    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in finding his impairments did not meet the Listings; (2) the ALJ erred in assessing his RFC; and (3) the ALJ erred in finding he could perform other work.  ECF No. 12 at 14-20.  Upon review, the Court finds the ALJ improperly evaluated Plaintiff's RFC.  Thus, the Court will only evaluate Plaintiff's second argument for reversal.

The ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  This Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In the present action, the ALJ has not supplied a sufficient medical basis for his RFC

5

determination.  (Tr. 721-722).  Indeed, the record in this case is nearly 1,700 pages in length.  The ALJ's RFC assessment was one and one-half page with a large amount of legal, not factual, summary and form paragraphs.  (Tr. 721-722).

For instance, in considering Plaintiff's back and neck pain, the ALJ briefly summarized a report from 2011 and then found "[a]fter a review of the evidence" that "due to the claimant's back impairments and obesity (six feet three inches tall and 268 pounds), he is limited to performing light work except he is limited to occasional bending, stooping, and squatting."  (Tr. 722).  The ALJ, however, provides no specific basis for these findings, apart from his general impression of Plaintiff's limitations.  Such an analysis is simply not sufficient, and this case must be reversed and remanded for further consideration of Plaintiff's RFC.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 5th day of February 2018.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE