IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SAMUEL A. OSBORNE                                             PLAINTIFF

vs.                         Civil No. 2:17-cv-02028

NANCY A. BERRYHILL                                        DEFENDANT
Acting Commissioner, Social Security Administration

**ORDER**

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 17. Defendant has responded to this Motion and raises no objections to Plaintiff's Motion. ECF No. 19. This Motion is now ripe for consideration.

1. **Background:**

On February 14, 2017, Samuel A. Osborne ("Plaintiff") appealed to the Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for disability benefits. ECF No. 1. On February 21, 2018, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 15-16.

On May 22, 2018, Plaintiff filed his Motion for Attorney's Fees. ECF No. 17. With this Motion, Plaintiff requests an award of attorney's fees of $4,838.20. *Id.* This amount totals 5.25 hours of attorney work from 2016 at an hourly rate of $188.00; 11.95 hours of attorney work from 2017 at an hourly rate of $192.00; 2.05 hours of attorney work from 2018 at an hourly rate of $196.00; and 15.40 hours of paralegal work from 2016 to 2018 at an hourly rate of $75.00. *Id.* Defendant has responded to the Motion and raises no objections. ECF No. 19.

2. **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a

prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. §

2

2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

3. **Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 15-16. Defendant does not contest Plaintiff's claim that he is the prevailing party and does not object to his request for attorney's fees. ECF No. 19. Thus, the Court finds Plaintiff does qualify as the "prevailing party" and is entitled to attorney's fees under EAJA.

Plaintiff requests a total award of $4,838.20. ECF No. 17. This amount represents 5.25 hours of attorney work from 2016 at an hourly rate of $188.00; 11.95 hours of attorney work from 2017 at an hourly rate of $192.00; 2.05 hours of attorney work from 2018 at an hourly rate of $196.00; and 15.40 hours of paralegal work from 2016 to 2018 at an hourly rate of $75.00. *Id.* These attorney hourly rates are authorized by the EAJA as long as the CPI-South Index justifies these enhanced rates. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, the Court finds the CPI-South Index authorizes $188.00 for 2016, $192.00 for 2017, and $195.00 for 2018. Thus, the Court awards those hourly rates.

Further, Plaintiff has requested 5.25 attorney hours for work performed in 2016; 11.95 attorney hours for work performed in 2017; and 2.05 attorney hours for work performed in 2018.

3

ECF No. 17. Defendant raises no objections to these requested hours. ECF No. 19. Furthermore, Plaintiff requests 15.40 hours of paralegal work at an hourly rate of $75.00. ECF No. 17. Defendant also raises no objections to this request. ECF No. 19. Accordingly, the Court awards the amount requested both as attorney's fees and as paralegal fees.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521 (2010). ECF No. 19. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id.* 130 S.Ct. at 2528. Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4. Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$4,836.15.** This amount represents 5.25 attorney hours for work performed in 2016 at an hourly rate of $188.00; 11.95 attorney hours for work performed in 2017 at an hourly rate of $192.00; and 2.05 attorney hours for work performed in 2018 at an hourly rate of $195.00. This amount also includes 15.40 hours of paralegal work at an hourly rate of $75.00.

**ENTERED this 7th day of June, 2018.**

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE